UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM SHERWOOD JOHNSON (#99104)

VERSUS                                                          CIVIL ACTION

JAMES LEBLANC, ET AL                                  NUMBER 08-554-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 27, 2009.

DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM SHERWOOD JOHNSON (#99104)

VERSUS                                                                CIVIL ACTION

JAMES LEBLANC, ET AL                                    NUMBER 08-554-JJB-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Burl Cain, Cathy Calvert and Trish Foster. Plaintiff alleged that money deposited in his inmate trust account was used to pay his debt in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful,

fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that in 2000, a federal court ordered prison officials to provide the plaintiff with a copy of his state criminal court record. Plaintiff alleged that he was assessed $2,300 in photocopy costs. Plaintiff alleged that pursuant to a prison regulation all money deposited in his inmate trust account was applied to his outstanding debt. Plaintiff alleged that no money was reserved to allow him to purchase items from the prison canteen. Plaintiff alleged that friends and family deposited approximately $2000 in his inmate account, all of which was applied to his debt. Plaintiff alleged that because he was indigent and had no money to purchase items from the prison canteen he devised a scheme to fund his canteen purchases. Plaintiff alleged that he purchased medical and legal supplies on credit and then sold the items to other inmates at a reduced price. Plaintiff alleged that he then used the proceeds to purchase canteen items. Plaintiff alleged that he was forced to devise the financing scheme and incur unnecessary debt because prison officials apply 100% of the deposits to his inmate trust account to pay his debt. Plaintiff alleged that his constitutional rights were violated when prison officials took 100% of the deposits made to his inmate trust account to pay his debt.

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.

*Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981).[1]  Louisiana has ample remedies under which the plaintiff may proceed against the defendants for recovery of his property or for the reimbursement of its loss.  *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) without prejudice to any state law claim.

Baton Rouge, Louisiana, _April 27_, 2009.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

_____

[1]  The underlying rationale of <u>Parratt</u> and <u>Hudson</u> is that when deprivations of property are effected either through negligent or intentional conduct of a state employee, pre-deprivation procedures are simply "impracticable" since the state cannot know when such deprivations will occur.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203 (1984).

3